

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00002-CR

CONNELY BRADLEY, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2016-410,149, Honorable John J. "Trey" McClendon III, Presiding

January 24, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, appellant Connely Bradley, Jr., was convicted of aggravated assault with a deadly weapon[1] and sentenced to twelve years' confinement. Appellant has filed a notice of appeal, proceeding *pro se*, challenging his conviction. We dismiss the appeal for want of jurisdiction and because appellant has no right of appeal.

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198. We have no authority to invoke appellate rule 2 to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant was sentenced on August 17, 2017. Because no motion for new trial was filed, his notice of appeal was due within thirty days, by September 18, 2017. *See* TEX. R. APP. P. 26.2(a)(1), 4.1(a). Appellant did not file a notice of appeal until December 27, 2018. Accordingly, his untimely filed notice of appeal prevents this Court from acquiring jurisdiction over the appeal.

Furthermore, the *Trial Court's Certification of the Defendant's Right to Appeal* certifies that this is a plea-bargain case from which appellant has no right of appeal and that appellant has waived the right of appeal. We are required by appellate rule 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

By letter dated January 4, 2019, this Court notified appellant of the consequences of the late notice of appeal and the trial court's certification and invited him to demonstrate

other grounds for continuing the appeal. Appellant has filed a response but has not established good cause for continuing this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

Do not publish.